IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON PERROTON, | CASE NO. CV-F-04-5171 OWW SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION RE DISMISSAL OF PETITION AS MOOT |
| vs. | |
| PAUL SCHULTZ, Warden, | [Doc. 14] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

In his first amended petition for writ of habeas Petitioner makes three contentions. First, he contends that the United States Parole Commission lacked the jurisdiction to revoke or amend the conditions of his mandatory release date. Second, Petitioner contends that the basic principles of res judicata preclude the forfeiture of his mandatory release date. Third, Petitioner contends that he is being denied the equal protection of the law, as guaranteed by the United States Constitution.

The case or controversy requirement of Article III of the United States Constitution deprives the court of jurisdiction to hear moot cases. <u>Iron Arrow Honor Soc'y v. Heckler</u>, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); <u>NAACP., Western Region v. City of Richmond</u>, 743 F.2d 1346, 1352 (9th

Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them" North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937). To satisfy the Article III case or controversy requirement, a litigant "must have suffered some actual injury that can be redressed by a favorable judicial decision." Iron Arrow, 464 U.S. at 70, 104 S.Ct. at 375; Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 38, 96 S.Ct. 1617, 1924 (1976); NAACP, Western Region, 743 F.2d at 1353.

The court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir. 1980). This court hereby takes judicial notice of the Order Dismissing Motion for Habeas Corpus as Moot in Perroton v. Andrews, 04 CV 5500 OWW SMS HC, in which the court found that Petitioner had been released from custody on October 19, 2004.

A petition for writ of habeas corpus is rendered moot when the petitioner is released from custody, unless the petitioner is able to demonstrate that some collateral, ongoing consequence would result without habeas relief. See Spencer v. Kemma, 523 U.S. 1, 14 (1998). Here, no such collateral consequence is alleged. Accordingly, the court finds that this petition has been rendered moot.

Based on the foregoing, IT IS HEREBY RECOMMENDED that this petition for writ of habeas corpus be DISMISSED as moot.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings

1  and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days
2  (plus three days if served by mail) after service of the objections. The court will then review the
3  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure
4  to file objections within the specified time may waive the right to appeal the District Court's order.
5  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
6  IT IS SO ORDERED.
7  **Dated:   July 31, 2006**              /s/  William M. Wunderlich
   mmkd34                               UNITED STATES MAGISTRATE JUDGE